IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NTCH-WEST TENN, INC.,

    Plaintiff,

v.                                                              No. 1:11-cv-01169-JDB-egb

ZTE USA, INC.,

    Defendant.

_____

ORDER STAYING NTCH-WEST TENN, INC.'S MOTION TO VACATE ARBITRATOR'S
AWARD
_____

Before the Court is Plaintiff, NTCH-West Tenn., Inc.'s ("NTCH"), motion to vacate arbitrator's award. (Docket Entry ("D.E.") 112.) The Defendant, ZTE USA, Inc. ("ZTE") has filed a response and cross-motion, requesting the Court either: (1) stay NTCH's motion until resolution of its motion to Reopen Case, Join Parties, and Confirm Final Award in Arbitration pending in the United States District Court for the Middle District of Florida, or (2) confirm the arbitration award as to NTCH's claims. (D.E. 116, 123.) Plaintiff filed a response to the cross-motion and both parties have submitted replies. (D.E. 127, 132.) For the reasons discussed herein, ZTE's motion for a temporary stay is **GRANTED.**

*I. PROCEDURAL BACKGROUND*

On April 25, 2011, NTCH filed a seven-count complaint[1] in the Chancery Court of Madison County, Tennessee, alleging that ZTE, a telecommunications manufacturer and supplier, provided malfunctioning equipment for its Jackson, Tennessee cellular network. The case was removed to this Court based on diversity of citizenship. (D.E. 1.) On June 20, 2011,

---

[1] NTCH's complaint was one of several filed by Cleartalk affiliates against ZTE. (D.E. 120 at 1.)

ZTE moved to compel arbitration with NTCH pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and an arbitration clause in an agreement signed by ZTE and PTA-FLA, Inc. ("PTA"), a Cleartalk affiliate based in Jacksonville, Florida. (D.E. 8.) The motion was referred to the Magistrate Judge, who recommended it be granted. (D.E. 22.) NTCH filed objections, contending that it was not bound by the arbitration clause because it had not signed the agreement. (D.E. 24.) However, in the period between the Magistrate Judge's report and the Court's ruling on NTCH's objections, ZTE and all the Cleartalk entities, including NTCH, agreed to arbitrate all of their outstanding claims. (D.E. 47-10.) On April 20, 2012, ZTE filed a second motion to compel arbitration that also was referred to the Magistrate Judge. (D.E. 47, 52.) On January 22, 2013, the Court accepted the Magistrate Judge's recommendation that the second motion to compel arbitration be granted. (D.E. 100.)

The arbitrator issued his final award on February 11, 2014, and corrections on March 12, 2014. (D.E. 113.) The arbitrator dismissed all of the Cleartalk entities' claims against ZTE. (D.E. 113 at 16–17.) On February 11, 2014, ZTE moved to confirm the final award and join all the Cleartalk entities in the ongoing litigation between ZTE and PTA in the United States District Court for the Middle District of Florida. (D.E. 116-1.) On April 1, 2014, PTA filed a notice voluntarily dismissing its claims against ZTE. (D.E. 117-1.) On June 20, 2014, the Florida district court ordered ZTE to file a response to PTA's notice of voluntary dismissal or it would consider it effective. *See* PTA-FLA, Inc. v. ZTE USA, Inc., Order, No. 3:11-cv-00510-TJC-MRK (M.D. Fla. June 20, 2014) (ECF No. 41.) ZTE responded and the matter is set for a hearing on October 24, 2014. *See* PTA-FLA, Inc. v. ZTE USA, Inc., No. 3:11-cv-00510-TJC-MRK (M.D. Fla. Aug. 14, 2014) (ECF No. 46.).

On April 2, 2014, Eric Steinmann, an owner of the Cleartalk entities, brought suit to vacate the February 11, 2014 arbitration award in the United States District Court for the Central District of California. *See* Steinmann, et al. v. ZTE Corp., et al., Mot. to Reopen Case & Vacate, No. 5:11-CV-01578 BRO (SPX) (C.D. Cal. Apr. 2, 2014) (ECF No. 62.) ZTE requested a stay of the California proceedings until the Florida district court ruled on its motion to join Steinmann and confirm the arbitration award. *See* Steinmann, et al. v. ZTE Corp., et al., Mot. to Stay Case, No. 5:11-CV-01578 BRO (SPX) (C.D. Cal. June 9, 2014) (ECF No. 72.) The California district court entered a stay on July 25, 2014. *See* Steinmann, et al. v. ZTE Corp., et al., Order, No. 5:11-CV-01578 BRO (SPX) (C.D. Cal. July 25, 2014). (ECF No. 88.)

On March 13, 2014, NTCH filed a motion to vacate the final arbitration award as to its claims against ZTE in this Court. (D.E. 112.) In its March 31, 2014 response, ZTE requested a temporary stay until the Florida district court could rule on its motion to join NTCH. (D.E. 116.) On June 6, 2014, the Court directed ZTE to submit additional briefing addressing the merits of NTCH's motion. (D.E. 121.) On July 7, 2014, ZTE submitted a supplemental response and a cross-motion to confirm the final arbitration award to which NTCH responded. (D.E. 123, 127.) Both parties have filed replies. (D.E. 127, 132.)

## II. ANALYSIS

A. Motion to Stay

The decision whether to grant a stay of a particular action is discretionary and within the inherent power of the court. *See* Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether to

issue a stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. The moving party must also demonstrate that the stay will not be "immoderate" in duration or scope. Id. at 256–57; *see also* Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977) ("[T]he burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]."). A court must exercise sound discretion in entering a stay, "since a party has a right to a determination of its rights and liabilities without undue delay." Id. In Ohio Envtl. Council, the Sixth Circuit held that the district court abused its discretion in issuing an unlimited stay that had the potential to "place this case in limbo for years." Id.

Here, ZTE is seeking a stay of limited scope and duration until the Florida district court decides its motion to join the Cleartalk affiliates and confirm the arbitration award. (D.E. 132 at 1–3.) ZTE's request will not unduly delay this case because a hearing is scheduled in approximately six weeks to determine if the Florida case was voluntarily dismissed by PTA. *See* PTA-FLA, Inc. v. ZTE USA, Inc., No. 3:11-cv-00510-TJC-MRK (M.D. Fla. Aug. 14, 2014) (ECF No. 46.) If the Florida case was voluntarily dismissed, this Court can dissolve the temporary stay and decide NTCH's motion to vacate the arbitrator's award.

ZTE has also shown that there is a valid reason to stay NTCH's request for relief because if ZTE's motion to join the Cleartalk entities is granted, the Florida district court then can decide the validity of the arbitration award as to all parties. However, should this Court decide NTCH's motion to vacate before ZTE's, the Defendant faces the possibility of inconsistent rulings concerning the validity of the arbitration award in subsequent litigation. In contrast, NTCH will not suffer any harm from a temporary stay since its interests are adequately represented in

Florida as NTCH's counsel has filed a response to ZTE's motion there. *See* PTA-FLA, Inc. v. ZTE USA, Inc., NTCH's Resp. to Mot. to Reopen Case, No. 3:11-cv-00510-TJC-MRK (M.D. Fla. Feb. 28, 2014) (ECF No. 29.) The Court also finds that a temporary stay best promotes judicial economy and conserves judicial resources because if all parties are joined in the Florida litigation, that court can conclusively decide the finality of the arbitration award. After weighing all of these concerns, the Court finds that a temporary stay of NTCH's motion to vacate is appropriate.

B. First-to-File Rule

Alternatively, ZTE contends that the Court should issue a temporary stay because Defendant's motion to confirm the arbitration award was filed in Florida prior to the date of NTCH's motion to vacate. (D.E. 116 at 5–10.) "The first-to-file rule . . . is a 'well-established doctrine that encourages comity among federal courts of equal rank.'" Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) (quoting AmSouth Bank v. Dale, 386 F.3d 763, 791 n.8 (6th Cir. 2004)). When duplicative lawsuits are pending in separate federal courts, the general rule is "that the entire action should be decided by the court in which an action was first filed." Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997). A duplicative suit is one where the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." Id. (citation and internal quotation marks omitted). Neither the parties nor the issues need to be precisely identical. Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). The first-to-file rule "is often dominant in determining which federal court should proceed when the parties to an arbitration award have filed cross motions to vacate and confirm the award in different district courts." Smart v. Sunshine Potato Flakes, LLC, 307 F.3d 684, 687 (8th Cir. 2002) (emphasis omitted).

5

Courts have identified three factors to consider when invoking the first-to-file rule: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." Thomas & Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) (quoting Plating Res., Inc., 47 F. Supp. 2d at 903). "District courts have the discretion to dispense with the first-to-file rule where equity so demands." Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 F. App'x 433, 437 (6th Cir. 2001). "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." Id.

In this case, the factors and policies underlying the rule favor a temporary stay of NTCH's motion to vacate the arbitrator's award. First, the chronology of the competing motions favors ZTE as it presented its motion to confirm the arbitration award and join the Cleartalk entities on February 11, 2014. (D.E. 116-1.) Plaintiff filed its motion to vacate the arbitrator's award a little more than a month later. (D.E. 112.) NTCH focuses on the fact that ZTE is seeking to confirm the uncorrected February 11, 2014 arbitration award and that its motion to vacate the March 12, 2014 corrected arbitration award is actually the first-filed motion. (D.E. 127 at 2–3.) However, under the first-to-file rule, the date the original complaint is filed controls, even if it is subsequently amended. *See* Zide Sport Shop, 16 F. App'x at 437. Here, the March 12, 2014 corrections to the arbitration award relate back to ZTE's motion filed in Florida on February 11, 2014, keeping ZTE's motion first-in-time.

The second and third factors also favor a temporary stay of NTCH's motion to vacate. The parties and issues in both proceedings are sufficiently similar because Defendant is seeking to join NTCH in Florida and to confirm the finality of the arbitration award as to all of the Cleartalk entities' claims. If the Florida district court grants ZTE's motion, the parties and issues will be

6

identical to those currently before this Court. NTCH would also have the opportunity to raise all of its arguments concerning the invalidity of the arbitration award in Florida should it be joined there.

Finally, there is no evidence that ZTE filed its motion in bad faith or for the purposes of forum shopping since the Florida suit was brought by a Cleartalk affiliate against ZTE on May 20, 2011, the arbitration was conducted in Florida, and one of the Cleartalk entities is headquartered there. In light of the above, the Court also finds that it is appropriate under the first-to-file rule to temporarily stay NTCH's motion to vacate the arbitrator's award.

## *III. CONCLUSION*

For the reasons discussed herein, the Plaintiff's motion to vacate the arbitrator's award is **STAYED** pending a decision on ZTE's motion to Reopen Case, Join Parties and Confirm Arbitration Award currently pending before the United States District Court for the Middle District of Florida. The parties will file a status report with the Court after the October 24, 2014 hearing in the Middle District of Florida.

IT IS SO ORDERED this 9th day of September, 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE